UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6210-CIV-GRAHAM/TURNOFF

UNITED STATES OF AMERICA

    Plaintiff,

v.

CIGAR MANUFACTURERS OUTLET,
INC., a Florida corporation;
JOSE ERNESTO SAN MARTIN,
individually, and as an
officer of the corporation;
and PETER DILLON,
individually, and as an
officer of the corporation,

    Defendants.
_____/

### PLAINTIFF'S AND DEFENDANTS' JOINT STATUS REPORT

Plaintiff, United States of America; and Defendants, Cigar Manufacturers Outlet, Inc., and Jose Ernesto San Martin, in response to the Court's Notice dated June 5, 2000, hereby provide the following Joint Status Report.

1. <u>Plain Statement of the Nature of the Claim</u>. Plaintiff's claim is that Defendants are engaged in the business of selling cigar vending franchises to consumers and fail to provide prospective franchisees with a basic disclosure document required by law (in particular, the "Franchise Rule" set forth at 16 C.F.R. § 436.1 et seq.). Plaintiff further claims that Defendants make representations       (both       to       individual       consumers       and       in



advertisements) about the potential earnings that consumers may expect from such franchises without making certain disclosures required by the Franchise Rule. Plaintiff also claims that Defendants lack a reasonable basis for their representations about the potential earnings consumers can expect from their franchises, which also violates the Franchise Rule. The Complaint seeks civil penalties, consumer redress, and injunctive relief. The amount of civil penalties and redress can only be determined after discovery.

2. <u>Brief Statement of Uncontested Facts</u>. The parties have not yet agreed on any significant uncontested facts. In their answer, the Defendants denied virtually all of the allegations in Plaintiff's Complaint. The parties expect, however, that during discovery they will be able to agree on a number of uncontested facts, particularly with respect to the authenticity of documents.

3. <u>Summary of the Issues</u>. The principal issues in this case are: (1) whether the cigar vending business opportunities that Defendants sell are "franchises" within the meaning of the Franchise Rule; (2) whether Defendants have made the disclosures required by Federal law, (3) whether they have made baseless or misleading claims about the earning potential of their cigar vending franchises, and (4) whether any consumers were injured after purchasing franchises in reliance on such nondisclosures or claims.

4. <u>Summary of Pending Motions</u>. None.

5. _Discovery_. Although the parties have not yet engaged in any formal discovery, Defendants have agreed to provide Plaintiff with certain discoverable information on an expedited basis in order to facilitate the possibility of a prompt settlement of this case. Defendants are currently compiling this information.

As set forth in the parties' Scheduling Report, filed on April 21, 2000, the parties have contemplated that all discovery would be completed by December 8, 2000. The parties have proposed an additional 3-4 months for the subsequent preparation and consideration of dispositive motions, meaning that the case would be ready for trial and/or final pretrial conference in March/April 2000.

6. _Trial_. If a trial is necessary, the parties expect that it would take between three and four days. Such a trial would be heard by a jury on liability issues, but the Court would determine the extent of any civil penalties or consumer redress to be imposed.

7. _Unique Legal or Factual Aspects of the Case_. None.

8. _Status of Potential Settlement_. The Defendants have indicated that they intend to bring their activities into full compliance with the law and the parties have agreed to an informal exchange of information in an effort to facilitate an expedited settlement of the case. Even if a settlement is not possible prior to formal discovery, the parties believe there is a good chance

that the case will settle before trial.

9a.  <u>Consent to Proceeding Before A Magistrate Judge</u>.  As indicated on the attached consent forms, the parties consent to proceed before a magistrate in all matters that may arise in this case, except for dispositive motions and trial, which the parties request be heard by the Court.

9b.  <u>Complicated Matters</u>.  At present the parties are not aware of any unusually complicated matters related to this case that might require the use of a Special Master or Magistrate Judge.

Respectfully submitted,

Of Counsel:

EILEEN HARRINGTON
Associate Director for
 Marketing Practices
Federal Trade Commission
Washington, D.C. 20580

CRAIG TREGILLUS
Attorney
Federal Trade Commission
Washington, D.C. 20580
PHONE: 202-326-2970
FAX: 202-326-3395

FOR THE PLAINTIFF:

DAVID W. OGDEN
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

THOMAS E. SCOTT
United States Attorney

By: *[signature]*
NANCY LANGSTON
Assistant United States Attorney
99 N.E. 4th Street
3rd Floor
Miami, Florida 33132
Court Assigned No. A5500437
PHONE: (305) 961-9012
FAX: (305) 530-7139

*[signature]*
ANDREW E. CLARK
Attorney
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
PHONE: (202) 307-0067
FAX: (202) 514-8742

FOR THE DEFENDANTS:

*[signature]*
ALEXANDRE LASNAUD, ESQ.
3911 N. Andrews Avenue
Ft. Lauderdale, Florida 33309
PHONE: (954) 561-2023
FAX: (954) 568-1425
Florida Bar No. 124000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 00-6210-CIV-GRAHAM/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff(s),

vs.

CIGAR MANUFACTURERS OUTLET,
INC., et al.,

    Defendant(s).
_____/

## ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of Title 28, U.S.C. § 636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| # | Motion | Yes | No |
|---|---|---|---|
| 1. | Motions for Costs | X | |
| 2. | Motions for Attorneys' Fees | X | |
| 3. | Motions for Sanctions | X | |
| 4. | Motions to Dismiss | | X |
| 5. | Motions for Summary Judgment | | X |
| 6. | Discovery Motions | X | |
| 7. | All Pretrial Motions | | X |
| 8. | (Other) | | |

6/14/00 (Date)     (Signature)
6/15/00 (Date)     (Signature)
6/16/00 (Date)     (Signature)
_____ (Date)     (Signature)