UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6210-CIV-GRAHAM/TURNOFF

UNITED STATES OF AMERICA

    Plaintiff,

v.

CIGAR MANUFACTURERS OUTLET, INC.,
et al.

    Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff United States of America hereby moves this Court to compel discovery from defendants Cigar Manufacturers Outlet, Inc., and Jose Ernesto San Martin. Specifically, plaintiff requests an order from the Court compelling defendants to respond to Plaintiff's First Set of Interrogatories (attached hereto as Exhibit A) and Plaintiff's First Request for Production of Documents (attached hereto as Exhibit B), both of which were served on August 24, 2000. To date, both defendants have wholly failed to produce any documents, answer any interrogatories, or otherwise respond to these discovery requests. Because the discovery cut-off in this case is December 11, 2000, and because the parties are scheduled to participate in a mediation session on November 16, 2000, it is imperative that plaintiff promptly receive the discovery to which it is entitled.

Defendants have had ample notice of plaintiff's discovery requests and ample opportunity to respond. At the time

plaintiff's counsel first spoke with defense counsel, over six months ago, defendants agreed that they would voluntarily produce certain documents and financial information in order to facilitate settlement discussions. After repeated delays, however, and despite repeated assurances from defense counsel, the requested materials were never produced. Accordingly, on August 24, 2000, plaintiff served formal discovery requests upon defendants in the form of Interrogatories and a Request for Production of Documents. Again, however, defendants did not respond within the required 30-day period and, despite plaintiff's having twice agreed to extensions of time (the most recent being until October 13, 2000), defendants still have yet to produce any discovery whatsoever, including mandatory Rule 16.1(B) disclosures which should have been provided at the very outset of this litigation.

Defendants' dilatory tactics have already necessitated one postponement of the court-ordered mediation of this case, and, with the rescheduled mediation session only two weeks away, another postponement appears likely. More importantly, with the discovery cut-off in this case barely a month away, plaintiff is threatened with severe prejudice to its ability to conduct appropriate discovery, inasmuch as defendants have yet to reveal the identify of such crucial witnesses as the company employees who sold defendants' cigar franchises, and the many consumer

franchisees who invested in these business opportunities, many of whom plaintiff may wish to interview or depose.

While plaintiff has been exceedingly patient to this point, with the impending discovery cut-off barely a month away, and a court-ordered mediation session scheduled to take place in only two weeks, plaintiff must receive the requested documents and interrogatory answers without further delay. Accordingly, plaintiff respectfully requests that this Court order defendants to respond to the proffered discovery forthwith.

Dated:    November 2, 2000

                              Respectfully submitted,

                              DAVID W. OGDEN
                              Assistant Attorney General
                              Civil Division
                              U.S. Department of Justice

                              GUY A. LEWIS
                              United States Attorney

                    By:  NANCY LANGSTON
                              Assistant United States Attorney
                              99 N.E. 4th Street, 3rd Floor
                              Miami, Florida 33132
                              Court Assigned No. A5500437
                              PHONE:  (305) 961-9012
                              FAX:  (305) 530-7139


                              ANDREW E. CLARK
                              Attorney
                              Office of Consumer Litigation
                              P.O. Box 386
                              Washington, D.C.  20044
                              PHONE:  (202) 307-0067
                              FAX:  (202) 514-8742

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

Motion to Compel Discovery was sent by Federal Express overnight

delivery on November 2, 2000, to: Alexandre Lasnaud, Esq., 3917

N. Andrews Avenue, Ft. Lauderdale, FL 33309.

_____
ANDREW E. CLARK

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY, pursuant to Local Rule 26.1(I), that I

have made reasonable efforts to confer with defendants' counsel,

Alexandre Lasnaud, in order to resolve the issues raised in this

discovery motion. Specifically, I telephoned Mr. Lasnaud's

office on October 19, 2000, and again on October 23, 2000, but

was unable to speak to him. Although I left messages on both

occasions, neither call was returned. Subsequently, on October

24, 2000, I sent Mr. Lasnaud a letter by Federal Express

overnight delivery. In the letter, attached hereto as Exhibit C,

I reiterated my need for the requested discovery and advised Mr.

Lasnaud that I would file the instant motion if I did not receive

the discovery by Monday, October 30, 2000. Again, however, I

heard nothing from Mr. Lasnaud in response and, as of this date,

have received no discovery whatsoever from defendants.

_____
ANDREW E. CLARK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6210-CIV-GRAHAM

UNITED STATES OF AMERICA

    Plaintiff,

v.

CIGAR MANUFACTURERS OUTLET, INC.,
et al.

    Defendants.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:     DEFENDANTS CIGAR MANUFACTURERS OUTLET, INC.
        AND JOSE ERNESTO SAN MARTIN

FROM:   PLAINTIFF UNITED STATES OF AMERICA

Plaintiff, the United States of America, hereby propounds, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, the following interrogatories upon defendants Bruce Feinstein and Monica Feinstein. Each interrogatory shall be answered separately and fully in writing under oath within thirty (30) days of service. These Interrogatories are continuing, requiring you promptly to amend your written answers as additional information becomes available, and each shall be interpreted and answered in accordance with the following instructions and definitions:

## INSTRUCTIONS AND DEFINITIONS

A.  The terms "you" and "your" each refer to and include Cigar Manufacturers Outlet, Inc., and Jose Ernesto San Martin (irrespective of any other name under which you have done business). Your answers to these Interrogatories shall include all non-privileged information available to you directly or through your agents, representatives, or attorneys; this includes knowledge or information in the possession of your employees and any other persons or entities that are subject to your direction or control.

B.  The term "the Company" refers to and includes Cigar Manufacturers Outlet, Inc. (irrespective of any other name under which it has done business), as well as all of its predecessor and successor corporations, subsidiaries, affiliates, branches, divisions, and groups, wherever located, and each of its present or former directors, officers, employees, agents, and representatives.

C.  The terms "person" or "persons" include, but are not limited to, individuals, corporations, companies, partnerships, unincorporated business associations, estates, trusts, governmental bodies, and any other entities composed of persons.

2

D.  The term "employee" means any person who at any time during the period covered by these Interrogatories acted or purported to act on behalf of the Company, including, but not limited to, all past and present directors, officers, agents, representatives, attorneys, accountants, advisors, and consultants, including independent contractors, whether such activity on behalf of the Company or such other person or persons was on a full-time, part-time, piece-work, or other basis, and whether such activities were paid or unpaid.

E.  The term "investor" means any person who invested or contracted to invest in a cigar vending opportunity from you, whether that opportunity be as a franchisee, distributor, or investor.

F.  The term "opportunity" means any franchise, business opportunity, distributorship, dealership, or other investment, business venture, or sale of goods and services.

G.  The terms "identify" or "identification" when used in reference to a natural person mean to state the person's full name, home address, home telephone number, business address, business telephone number, and last known position and business affiliation.  When used in reference to a person other than a

3

natural person "identify" or "identification" means to state
whether such person is a corporation, partnership, or other
organization, and its name, present or last known address and
telephone number, and principal place of business. Once any
person has been properly identified, it shall be sufficient
thereafter when identifying that person to state the person's
name only.

H. The terms "identify" or "identification" when used in
reference to a "document" mean to state the date, the author, the
author's address, the author's telephone number, the type of
document (e.g., letter, memorandum, telegram, chart, etc.), the
name, address, and telephone number of the present custodian of
all copies thereof, and any other descriptive data. If any such
document was but is no longer in the person's possession or
subject to the person's control, state the disposition which was
made of it and the reasons for such a disposition. In lieu of
identifying any document a true and correct copy thereof may be
annexed and incorporated in the answers to these Interrogatories.

I. The term "communication" means any transmission or
exchange of information between two or more persons, whether
oral, written, or by other conduct, and includes, without
limitation, any conversation or discussion, whether face-to-face

4

or by means of telephone, telegraph, telex, electronic or other media, whether it occurred by chance or by design.

J.   The terms "contact" or "contacts" mean any communication, whether written or oral, including telephone conversations and any personal encounters, whether by chance or by design, in a meeting or otherwise.

K.   The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request any information or document which might otherwise be construed to be outside its scope.

L.   The terms "any," "every," and "all" shall be construed to be interchangeable (i.e., the term "any" shall be construed to include the words "all" and "every," the term "all" shall be construed include the words "any" and "every," and the term 'every" shall mean "any" and "all").

M.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used and vice versa;

5

and the use of any tense of any verb shall be considered to
include within its meaning all other tenses of the verb.

N. If you withhold any document or information on the
ground of any privilege, you shall provide a statement setting
forth the following information with respect to each withheld
document:

1. the name and title of the author (and, if different,
the preparer and signatory);

2. the name and title of the person to whom the document
was addressed;

3. the names and titles of all persons to whom the
document or a copy of the document was sent or to whom
the document or a copy, or any part thereof, was shown;

4. the date of the document;

5. the number of pages;

6. a brief description of the subject matter;

6

7.    the nature of the privilege claimed; and

8.    the Interrogatory to which it is responsive.

## INTERROGATORIES

1. Identify all documents containing or concerning any written or oral earnings claim, data, statement or projection made by you, the Company, or any of its employees, agents, officers, or directors to any investor or prospective investor for the period January 1, 1998, to present.

    2.   Identify all documents concerning litigation (including, but not limited to, lawsuits, bankruptcy proceedings, arbitration, mediation, or adjudicatory proceedings before any governmental agency) in which you or the Company, or any of its officers or directors, is, or was, a party, including within your answer the identity of all parties and a description of the type of litigation.

3.    Identify each and every person who has purchased a cigar vending opportunity from you of the Company since January 1, 1998, and state the amount of any fee each person paid and the date on which each such person signed a franchise, distributorship, investment, or purchase agreement.

10

4.  Identify each and every person authorized by you or the
Company to make earnings claims (including, but not limited to,
estimates, statements, or claims of projected, expected,
possible, or anticipated earnings if the Company's cigar vending
opportunity was purchased; estimates, statements, or projections
of the number of sales that could be expected, on a weekly,
monthly or annual basis, after purchasing the Company's cigar
vending opportunity; and the amount that could be charged for
each cigar, to prospective investors during the period from
January 1, 1998 to the present, and describe each earnings claim
authorized by the Company.

5.   Identify any publications (including, but not limited to, any magazines, newspapers, pamphlets, or handouts) in which you or the Company have advertised, including in your answer the name of the publication and the dates of the advertisement, and describe the substance and content of each advertisement.

12

6.    Identify all state agencies with which you or the Company have registered as a business opportunity, distributorship or franchise, and identify all documents you have received from, sent to, or filed with each agency.

7.    Identify all locating companies, businesses, or services
to whom investors or prospective investors of the Company's cigar
vending opportunity were referred during the period January 1,
1998 to the present, and state which of the locating companies,
businesses, or services were affiliated with the Company.

14

8.   Identify all experts whom you propose to call as witnesses at the trial of this case and state the qualifications of each expert, the subject matter on which each expert is expected to testify, and all facts and opinions to which each such expert is expected to testify, and give a summary of the basis for each such opinion.

9.    Identify each and every name given to an investor or prospective investor of the Company's cigar vending opportunity as a reference or other source of information about the Company or the opportunity, and state the terms and amounts of any consideration or compensation each person received for acting as a reference or source of information.

16

10.    Identify each person who has been employed by you or the Company since January 1, 1998, including (as detailed in Instruction "D" above) all officers, directors, agents, sales representatives, independent contractors, and administrative staff.

17

11.    Identify each of the following persons or entities and describe, with respect to each, the nature and substance of their knowledge or information relevant to the subject matter of this action, including their position or affiliation with the Company and their role, if any, in the promotion, sale, or offering for sale of cigar vending business opportunities:  Jose Ernesto San Martin, Oswaldo Zimichi, Peter Dillon, George Branch, Worldgate Trading Corporation.

18

12.   If any person named in answer to these Interrogatories is affiliated or associated with you, identify the person and state the nature, extent, and duration of each affiliation or association.

13.   Identify all persons not previously identified in response to these Interrogatories known to you to have knowledge of the facts and circumstances raised by the pleadings in this matter and state the nature and substance of the knowledge possessed by each such individual.

14. Identify each document not heretofore identified or produced containing facts which are material to this action.

15. Identify each person who has assisted you by supplying any information relative to the answers in these Interrogatories, and with respect to each such person state the Interrogatories with respect to which he or she supplied information.

DATED:     August 24, 2000

Of Counsel:                          FOR THE UNITED STATES OF AMERICA:

EILEEN HARRINGTON                    DAVID W. OGDEN
Associate Director for               Acting Assistant Attorney General
 Marketing Practices                 Civil Division
Federal Trade Commission             U.S. Department of Justice
Washington, D.C.  20580
                                     GUY A. LEWIS
CRAIG TREGILLUS                      United States Attorney
Attorney
Federal Trade Commission
Washington, D.C.  20580
PHONE:  202-326-2970      By:   NANCY LANGSTON
FAX:  202-326-3395              Assistant United States Attorney
                                99 N.E. 4th Street
                                3rd Floor
                                Miami, Florida 33132
                                Court Assigned No. A5500437
                                PHONE:  (305) 961-9012
                                FAX:  (305) 530-7139


                                ANDREW E. CLARK
                                Attorney
                                Office of Consumer Litigation
                                P.O. Box 386
                                Washington, D.C.  20044
                                PHONE:  (202) 307-0067
                                FAX:  (202) 514-8742

23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's First Set of Interrogatories was served by Federal Express overnight delivery upon:

        ALEXANDRE LASNAUD, ESQ.
        3917 N. Andrews Avenue
        Ft. Lauderdale, Florida  33309

this 24th day of August, 2000.

                        ANDREW E. CLARK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6210-CIV-GRAHAM

UNITED STATES OF AMERICA

    Plaintiff,

v.

CIGAR MANUFACTURERS OUTLET, INC.,
et al.

    Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:      DEFENDANTS CIGAR MANUFACTURERS OUTLET, INC.
          AND JOSE ERNESTO SAN MARTIN

FROM:    PLAINTIFF UNITED STATES OF AMERICA

    Plaintiff the United States of America hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that defendants Cigar Manufacturers Outlet, Inc., and Jose Ernesto San Martin produce for inspection and copying at 1331 Pennsylvania Avenue, N.W., Suite 950N, Washington, D.C. 20004, within thirty (30) days of service of this request, the documents and things requested herein. This request is continuing, requiring you to promptly amend your written response and to produce any additional materials coming into your possession after your initial response to this request.

<u>INSTRUCTIONS AND DEFINITIONS</u>

A.  The terms "you" and "your" each refer to and include Cigar Manufacturers Outlet, Inc., and Jose Ernesto San Martin (irrespective of any other name under which you have done business).  Where a document is requested, such request includes documents in your possession, custody or control, including documents in the possession of your agents, representatives and attorneys.

B.  The term "the Company" refers to and includes Cigar Manufacturers Outlet, Inc. (irrespective of any other name under which it has done business), as well as all of its predecessor and successor corporations, subsidiaries, affiliates, branches, divisions, and groups, wherever located, and each of its present or former directors, officers, employees, agents, and representatives.

C.  The terms "document" and "documents" each refer to and include the original, or any copy if the original is not available, of writings and tangible things of every kind and description, official or otherwise, in the possession, custody or control of you or the Company, and include all handwritten, typed, printed, recorded, transcribed, taped, filmed, graphic- or sound-reproduction material; magnetic cards or cartridges;

2

optical storage devices; and computer records, printouts, runs,
cards, tapes, or disks (together with all programming
instructions and other material necessary for their use),
including all information stored in computer hard drives or
disks.  The terms "document" and "documents" each specifically
include, but are not limited to:  diaries; employee appointment
calendars and schedules; bank records; purchase orders or
records; accounting and bookkeeping records and materials;
invoices; corporate and personal checks; financial records and
statements; external and internal correspondence; cables;
telexes; teletypes; telegrams; telecopies; memoranda; letters;
notices; messages; reports; summaries; briefing materials;
training materials; advertisements in any media; telephone and
personnel directories; card files; telephone logs; routing slips;
records or evidence of incoming and outgoing telephone calls;
studies; notes; working papers; graphs; charts; diagrams;
agendas; minutes; transcripts, records, or summaries of any
meeting, conversation, conference or communication; and all
attachments to any of the items set forth in this paragraph.  The
terms "document" and "documents" also refer to and include every
copy of every document where such copy is not identical to the
original because of any addition, deletion, alteration, or
notation.  Unless otherwise specified, "documents" is limited to

3

documents that were dated, created, received, or in effect after
January 1, 1995.

D.   The terms "person" or "persons" include, but are not
limited to, individuals, corporations, companies, partnerships,
unincorporated business associations, estates, trusts,
governmental bodies, and any other entity composed of persons.

E.   The term "employee" means any person who at any time
during the period covered by this Request for Production acted or
purported to act on behalf of the Company, including, but not
limited to, all past and present directors, officers, agents,
representatives, attorneys, accountants, advisors, and
consultants, including independent contractors, whether such
activity on behalf of the Company or such other person or persons
was on a full-time, part-time, piece-work, or other basis, and
whether such activities were paid or unpaid.

F.   The term "opportunity" means any franchise, business
opportunity, distributorship, dealership, or other investment,
business venture, or sale of goods and services.

G.   The term "investor" means any person who invested or
contracted to invest in a cigar vending opportunity from you,

4

whether that opportunity be as a franchisee, distributor, or investor.

H.  The term "communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, telegraph, telex, electronic or other media, whether by chance or design.

I.  The terms "contact" or "contacts" mean any communication, whether written or oral, including telephone conversations, or any personal encounter, whether by chance or by design, in a meeting or otherwise.

J.  The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request any document which might otherwise be construed to be outside its scope.

K.  The terms "any," "every" and "all" shall be construed to be interchangeable (i.e., the term "any" shall be construed to include the words "all" and "every", and the term "all" shall be

5

construed include the words "any" and "every," and the term
"every" shall mean "any" and "all").


L.    "Relate to" means to make a statement about, refer to,
discuss, describe, reflect, identify, deal with, consist of, or
in any way pertain, in whole or in part, to the subject.


M.    The singular form of a noun or pronoun shall be
considered to include within its meaning the plural form of the
noun or pronoun so used and vice versa; the use of the masculine
form of a pronoun shall be considered to include within its
meaning the feminine form of the pronoun so used and vice versa;
and the use of any tense of any verb shall be considered to
include within its meaning all other tenses of the verb.


N.    CLAIM OF PRIVILEGE:   If you withhold any document on the
ground of any privilege, you shall provide a statement setting
forth the following information with respect to each withheld
document:


        1.    the name and title of the author (and, if
              different, the preparer and signatory);


6

2.    the name and title of the person to whom the
      document was addressed;

3.    the names and titles of all persons to whom the
      document or a copy of the document was sent or to
      whom the document or a copy, or any part thereof,
      was shown;

4.    the date of the document;

5.    the number of pages;

6.    a brief description of the subject matter;

7.    the nature of the privilege claimed; and

8.    the number of the request to which it is
      responsive.

7

## DOCUMENT REQUESTS

1.  A copy of each document, or type of document, provided
by you or the Company to any investor or prospective investor
during the period January 1, 1998, to the present, including but
not limited to any disclosure document, earnings claims,
forecasts, projections or data, prospectuses, offering circulars,
letters, video or audio materials, or memoranda.

2.  Any and all lists of investors created, modified or
updated during the period January 1, 1998, to the present.

3.  Any and all investment, franchise, distributor, or
purchase agreements or contracts entered into by you or the
Company since January 1, 1998, and a copy of all such documents
sent to any person, but not executed by that person.

4.  All audited or unaudited financial statements, all bank
statements, and all federal and state tax returns filed by you,
or the Company for the period January 1, 1995, to the present.

5.  Any documents related to the Company's cigar vending
opportunity filed with, or received from, any federal or state
agency or department during the period January 1, 1998, to the
present.

6.  Any advertisements you or the Company have run in any
magazine, newspaper or other publication related to the Company's
cigar vending opportunity, and all documents related to each such

8

advertisement, including, but not limited to, documents showing the date and location of each publication and advertisement.

7. Any document you received from, or sent to, any operator of a trade show, or trade or franchise association during the period January 1, 1998, to the present.

8. Any document received from any investor or prospective investor and any reply thereto, for the period January 1, 1998, to present, referring or relating to: a) questions or concerns about the receipt of, or quality of, cigars, humidors, or other merchandise ordered from you or the Company, b) disputes or concerns about earnings, actual or potential, c) disputes or concerns about the adequacy or accuracy of any representation or statement made by any employee of the Company to any investor or prospective investor, or d) disputes or concerns relating to the location or placement of cigar racks.

9. Any document relating to any litigation, including but not limited to lawsuits, bankruptcy proceedings, arbitration, mediation, or adjudicatory proceedings before any governmental agency, in which you or the Company has been involved during the period from January 1, 1995, to present.

10. Any document concerning or pertaining to any oral or written earnings claim, data, forecast, or projection related to the Company's cigar vending opportunity made by the Company or any of its present or former employees, agents, representatives,

9

directors, or officers, to any person during the period January 1, 1998, to the present.

11. Any reports, resumes, summaries, and statements received from each expert you propose to call as a witness at the trial of this case, included within this request are any documents upon which such experts relied upon in writing such reports, summaries and statements.

12. Any contracts you or the Company have with any locating companies, businesses or services.

13. A copy of any publications, flyers, pamphlets or other documents provided as part of any ongoing support you provide to investors of the Company's opportunity.

14. Any documents which relate to any warranties offered to an investor or prospective investor of the Company's opportunity.

15. A copy of the Company's certification of incorporation, articles of incorporation, by-laws, and minutes of each directors', officers', or shareholders' meetings.

16. Any documents that identify by name, address and telephone number, both home and business, all officers, directors and employees of the Company since January 1, 1998.

17. Any documents used to train employees of the Company about the Company's cigar vending opportunity, including, but not limited to, instructions on whom to call, what to say, scripts, questions and answers.

10

18. Any documents that relate to any communications from or to investors that relate to the investors' earnings.

19. Any documents that relate to the order or reorder of products by any investor.

20. Any documents that relate to the Federal Trade Commission's Franchising and Business Opportunity Ventures Trade Regulation Rule at 16 C.F.R. §436.

21. Any document that relates to, or any transcript or taped recording of, any conversation between the Company, or any employee or representative of the Company, and any investor or prospective investor, including, but not limited to, any taped recordings of sales presentations to investors or prospective investors.

22. Any document that relates to any communication between the Company, or any employee or representative of the Company, and any investor or prospective investor.

23. Any document not heretofore provided containing facts which are material to this action.

24. Any and all documents used, reviewed, or relied upon in answering or responding to any discovery in this matter or referenced in your Answers to Interrogatories in this matter.

DATED:    August 24, 2000

11

Of Counsel:                          FOR THE UNITED STATES OF AMERICA:

EILEEN HARRINGTON                    DAVID W. OGDEN
Associate Director for               Acting Assistant Attorney General
 Marketing Practices                 Civil Division
Federal Trade Commission             U.S. Department of Justice
Washington, D.C.  20580

                                     GUY A. LEWIS
CRAIG TREGILLUS                      United States Attorney
Attorney
Federal Trade Commission
Washington, D.C.  20580
PHONE:  202-326-2970      By:  NANCY LANGSTON
FAX:  202-326-3395             Assistant United States Attorney
                               99 N.E. 4th Street
                               3rd Floor
                               Miami, Florida 33132
                               Court Assigned No. A5500437
                               PHONE:  (305) 961-9012
                               FAX:  (305) 530-7139


                               _____
                               ANDREW E. CLARK
                               Attorney
                               Office of Consumer Litigation
                               P.O. Box 386
                               Washington, D.C.  20044
                               PHONE:  (202) 307-0067
                               FAX:  (202) 514-8742

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's First Request for Production of Documents was served by Federal Express overnight delivery upon:

> ALEXANDRE LASNAUD, ESQ.
> 3917 N. Andrews Avenue
> Ft. Lauderdale, Florida  33309

this 24th day of August, 2000.

_____
ANDREW E. CLARK

**U.S. Department of Justice**

*Office of Consumer Litigation*

| Writer's Direct Telephone: | Mailing address: | Overnight Delivery: |
|---|---|---|
| (202) 307-0067 | P.O. Box 386 | 1331 Pennsylvania Avenue, N W |
| Facsimile: | Washington, DC 20044 | Suite 950 North |
| (202) 514-8742 | | Washington, DC 20004 |

October 24, 2000

*By Federal Express*

Alexandre Lasnaud, Esq.
3917 N. Andrews Avenue
Ft. Lauderdale, Florida 33309

Re:   United States v. Cigar Manufacturers Outlet, Inc., et al., No. 00-6210

Dear Mr. Lasnaud:

Because you have not responded to the interrogatories or document requests that I served two months ago, I will be filing a motion to compel discovery next week. In addition, I am noticing herewith the deposition of your client, Jose Ernesto San Martin, for November 9, 2000, at 10:00 a.m., at the Office of the United States Attorney in Miami. Although I am willing to be flexible on the precise date of the deposition, it must occur before our scheduled mediation session on November 16, if we are to have any hope of reaching a settlement independently of mediation. I also trust and expect that the documents I have requested will be produced sufficiently in advance of the deposition for me to use them during the examination. If not, then I anticipate that I will only be able to conduct a portion of the exam and the deposition will therefore require two separate sessions to complete.

As you will recall, you assured me when we first discussed this case, over six months ago, that your clients would voluntarily produce documents and financial information in order to facilitate an appropriate settlement. After repeated delays, however, and despite your repeated assurances, the requested materials were never produced. Accordingly, on August 24, 2000, I served Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents. Again, however, you did not respond within the required 30 day period and, despite my twice agreeing to extensions (the most recent being until October 13), I have yet to receive any discovery whatsoever from you, including mandatory Rule 16.1(B) disclosures which should have been provided at the very outset of this litigation.

While I have been very patient to this point, the impending discovery cut-off in this case (December 11), together with our upcoming mediation session, necessitate my receipt of these materials without further delay. Accordingly, as indicated above, I am preparing a motion to compel discovery which I intend to file next week. Pursuant to Local Rule 26.1(I), I have twice sought to confer with you by telephone within the past few days but have been unable to reach you. While I remain willing to discuss this matter should you wish to contact me at (202) 307-0067, I intend to go forward with this motion unless the requested documents and interrogatory answers are in my hands by Monday, October 30. I am also willing to discuss a mutually agreeable date for Mr. San Martin's deposition. If I do not hear from you, however, I will expect to see you and Mr. San Martin in Miami on November 9.

Sincerely,

Andrew E. Clark
Attorney
Office of Consumer Litigation

cc: Nancy Langston, AUSA